IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-327-H-1
No. 5:13-CV-491-H

TREMAYNE D. FAISON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the petitioner's motion to vacate under 28 U.S.C. § 2255. [D.E. #109]. The government has filed a response, and the petitioner has filed a reply. This matter is ripe for adjudication.

### BACKGROUND

On March 1, 2011, petitioner, pursuant to a written plea agreement, entered a plea of guilty to count one of the superseding indictment charging him with conspiring to distribute and to possess with intent to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. § 846. Petitioner's plea agreement included a waiver of his right to appeal his sentence except for the right to appeal a sentence imposed in excess of the advisory guideline range established at his sentencing hearing. Petitioner further waived all rights to contest his conviction or sentence in post-conviction proceedings, except on the grounds of ineffective

assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his plea. This court conditionally approved the plea agreement and, after conducting the required Rule 11 colloquy, accepted petitioner's plea.

On October 11, 2011, the court sentenced petitioner to a term of imprisonment of 235 months. At the sentencing hearing, the court sustained petitioner's fourth objection to the presentence report, effectively reducing petitioner's criminal history category from VI to IV in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The court also considered any impact the Fair Sentencing Act would have on petitioner's sentence even though its effective date had not yet been reached. After considering the impact of the Fair Sentencing Act ("FSA"), if applied to petitioner's case, the court determined petitioner's advisory guideline range was within both the then current statutory minimum and maximum punishments and the adjusted minimum and maximum punishments set by the FSA. Although the court considered the impact of the FSA in its analysis of the factors set forth in 18 U.S.C. § 3553(a), the court found that a downward variance was unwarranted and sentenced petitioner to a term of imprisonment at the bottom of his advisory guideline range.

On October 19, 2011, petitioner filed a timely notice of appeal. The Fourth Circuit dismissed petitioner's appeal,

2

Case 5:10-cr-00327-H   Document 141   Filed 11/18/15   Page 2 of 6

however, stating, "we conclude that [petitioner] knowingly and voluntarily waived [his] right to appeal and that the issue[] [petitioner] seek[s] to raise on appeal fall[s] squarely within the scope of the valid and enforceable appeal waiver[]." Judgment was entered by the Fourth Circuit on December 3, 2012, and the formal mandate was issued on December 26, 2012. [D.E. #34].

Petitioner filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 on July 5, 2013 claiming: (1) he was sentenced in violation of Dorsey v. United States, __ U.S. __, 132 S.Ct. 2321 (2012) (holding FSA's new, lower mandatory minimums apply to the post-FSA sentencing of pre-FSA offenders); and (2) the court improperly engaged in judicial fact-finding to enhance petitioner's statutory minimum punishment in violation of Alleyne v. United States, __ U.S. __, 133 S.Ct. 2151 (2013).

## COURT'S DISCUSSION

A criminal defendant may waive his right to collaterally attack his conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement containing a plea waiver "[carries] a strong presumption of verity." See Id. (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004). After reviewing the

3

plea agreement, a transcript of the Rule 11 hearing, and the record on appeal, the Fourth Circuit upheld the validity of petitioner's plea waiver in its order dismissing his appeal. See United States v. Faison, No. 12-4174, at *2 (4th Cir. 2012).

### I. Dorsey Claim

The advisory guideline range established by this court was 235 to 293 months, and petitioner was sentenced to a term of imprisonment of 235 months which was at the bottom of petitioner's advisory guideline range. This court did not upwardly depart from the established guideline range. Although petitioner's statutory offense levels were reduced from a minimum punishment of 10 years and maximum punishment of life before enactment of the FSA to a minimum punishment of 5 years and maximum punishment of 40 years after enactment of FSA, petitioner's sentence did not actually exceed the reduced statutory maximum punishment under the FSA. Therefore, petitioner's Dorsey claim fails. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (explaining claim falls outside the scope of the waiver when defendant was actually sentenced in excess of the maximum prescribed by statute, not when he potentially could have been sentenced in excess of the statutory maximum).

## II. Alleyne Claim

The court engaged in permissible judicial fact-finding, without objection from the petitioner, to determine the applicability of a sentencing enhancement under U.S.S.G. §2D.1(b)(1) and the appropriate drug weight for which petitioner was accountable. This judicial fact-finding did not affect petitioner's statutory minimum and maximum punishments; rather, it aided the court in its establishment of petitioner's advisory guideline range, a subject expressly precluded from collateral attack in petitioner's appeal waiver. Notwithstanding the court's permissible use of judicial fact-finding in this situation, the Supreme Court's decision in Alleyne does not apply retroactively to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Clay v. United States, 4:04-CR-65-H (E.D.N.C. May 6, 2014).

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, [D.E. #109], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating reasonable jurists would find that an assessment of the constitutional claims is debatable and that

5

any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's motion debatable. Therefore, a certificate of appealability is DENIED.

This 17th day of November 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34